UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

**NATHANIEL NEWSON,**

       Plaintiff,

 - against –

**THE CITY OF NEW YORK,**

       Defendants.

-----------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

  Plaintiff, by his attorney, ANDREW F. PLASSE & ASSOCIATES LLC., as and for his Complaint, hereby alleges and shows to the Court the following, all upon information and belief:

  1  Plaintiff Nathaniel Newson hereby brings this action against the City of New York, for damages arising out of unconstitutional policies and actions arising from the alleged conduct of the Queens District Attorney's Office in knowingly withholding exculpatory evidence during the prosecution of the Plaintiff for Murder from August 5, 2010 to December 10, 2015. The alleged misconduct caused the plaintiff to spend over five years incarcerated.  In addition, plaintiff also brings this action against the City of New York for his state claims against it for false arrest and malicious prosecution.

  2.  Plaintiff brings this action against the defendants to redress the deprivation of rights secured to him and the decedent's estate by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Section 1983.

  3.  At the time of the incident herein, plaintiff was a resident of 57 East Stanley Ave., Brooklyn, NY.

1

4. Defendant City of New York is a municipal corporation of the State of New York with its address at 1 Centre Street, New York, NY.

5. That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Police Department by charter, or by law, under provisions of the State and/or City of New York

6. The District Attorney's ["D.A."] and Assistant District Attorneys of the Queens County ["ADAs"] are agents and employees of the City of New York with offices at 125-01 Queens Blvd., Kew Gardens, NY.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

8. Venue is proper in this District pursuant to 28 U.S.C. Section 1381.

9. At all times hereinafter mentioned the defendants acted under color of state law or a statute, ordinance, regulation or custom.

10. That heretofore, the Plaintiff caused a Notice of claim in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the defendant City of New York by delivering a copy thereof to the Office of the Corporation Counsel of the City of New York, which said Notice of claim set forth the name and post office address of the plaintiff, the nature of the claim, the time when, the place where and the manner in which said claim arose and the items of damages or injuries claimed to have been sustained so far as then practicable; and that this action is being commenced within one year after the happening of the event upon which this claim is based.

## STATEMENT OF FACTS

11. On August 5, 2010, Damian Champell was murdered while sitting in a black 2004 BMW at 147-67 109th Avenue, Queens, NY, when he was approached by unknown males who fired numerous times into the auto causing him to sustain seven gunshot wounds.

12. Damian Champell was transported to Jamaica Hospital, where he was pronounced dead.

13. Plaintiff was arrested at the scene of the murder.

14. Plaintiff was indicted for the Murder of Damian Champell on August 13, 2010.

15. The discharged shell casings were collected as evidence by the New York City Police Department.

16. Ballistic reports were prepared immediately thereafter.

17. Ballistic reports indicated that the gun used in the murder of Damian Champell was used two days earliest by another suspect, in a different attempted murder and robbery and in one other crime belonging to a different suspect.

18. This exculpatory evidence was not provided to the plaintiff's defense counsel and his co-defendant's counsel approximately four years later during his Murder trial.

19. As a result of this late disclosure, a mistrial was declared.

20. Plaintiff was re-tried on the Murder charge in 2015.

21. Additional exculpatory evidence, consisting of a cell phone found at the scene of the crime, belonging to the same suspect who used the murder weapon, was disclosed for the first time during the course of the second trial.

22. Plaintiff was acquitted of all charges on December 10, 2015.

## PLAINTIFF'S CLAIM

23. The failure to turn over Brady exculpatory material for four and five years was more than wrongful conduct by one ADA. It was perpetuated and ratified by high level officials in the Queens District Attorney's Office, who tried to cover up the misconduct, and failing that, withheld additional exculpatory evidence.

24. This alleged misconduct by the Queens District Attorney, by concealing exculpatory evidence, favoring the defense, has a long history and has been the subject of prior lawsuits.

25. Because the Queens District Attorney is a policy maker for the City of New York with respect to the administration of that office, the unlawful policies and practices complained of in tolerating such misconduct was the moving force and proximate cause of the plaintiff's detention for five years and the City is therefore liable to the plaintiff pursuant to Monell v. City of New York and 42 U.S.C. Section 1983.

**AS AND FOR A FIRIST CAUSE OF ACTION FOR FALSE ARREST AGAINST DEFENDANT THE CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-25" AND FURTHER ALLEGES AS FOLLOWS:**

26. That Police Officers, employees of the City of New York, as aforesaid, falsely arrested the plaintiff causing him to sustain severe personal injuries.

27. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION FOR MALICIOUS PROSECUTION, AGAINST DEFENDANT THE CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-25" AND FURTHER ALLEGES AS FOLLOWS:**

28. That Police Officers, employees of the City of New York, as aforesaid, jointly and severally maliciously prosecuted the plaintiff causing him to sustain severe personal injuries.

29. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A MONELL CLAIM AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-25" AND FURTHER ALLEGES AS FOLLOWS:**

30. Upon information and belief, acting individual and on behalf of the Queens District Attorney, ADAs withheld favorable material evidence from the plaintiff and his attorney, presented false and misleading testimony and argument against the plaintiff at his trial, failed to correct such testimony and argument, acted to conceal the aforementioned wrongdoing from the plaintiff and his attorney, and perpetuated and ratified such misconduct during the trial of the plaintiff.

31. The aforesaid conduct operated to deprive plaintiff of his rights under the Federal and State Constitution and the laws of the United States and New York State.

32. The Queens District Attorney and ADAs failure to timely disclose for use at trial all material evidence favorable to his defense, pursuant to Brady v. Maryland, 373 U.S., 83 (1963); the Queens District Attorney and ADAs used false or misleading

testimony or argument knowingly and/or recklessly presented by prosecutors in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments; the Queens District Attorney and ADAs violated the plaintiff's right to a fair trial pursuant to the Fifth, Sixth and Fourteenth Amendment; the Queens District Attorney and ADAs violated the Plaintiff's right to be free from an illegal search and seizure by arresting him with evidence that was exculpatory to him; as a result of the arrest, plaintiff's parole and/or probation was violated, and he was a State Prisoner who had to serve out his time for the violation, and the presentation of false evidence and/or failure to provide exculpatory evidence for four years after his arrest, violated his Eighth Amendment Rights.

33. The foregoing violated the plaintiff's constitutional rights by actions taken under color of State Law.

34. The foregoing violations of the plaintiff's constitutional rights were directly, proximately and substantially caused by conduct, chargeable to the City of New York, including the institution and implementation of unlawful policies, procedures, regulations, practices and/or customs concerning the continuing obligation to make timely disclosure to the defense, before and during the trial of material evidence favorable to the defense; the duty not to present at trial false, misleading improper or unreliable evidence, testimony, statements or argument; the continuing obligation to correct false inaccuracies, incomplete or misleading evidence, testimony, statements or argument, whenever such acts occurred, and to remedy the harm caused by such acts, and deliberate indifference by policymaking officials at the Queens DA office in its obligation to properly train, instruct, supervise and discipline its employees, including the ADAs involved in the prosecution of the plaintiff's case, with respect to such matters.

35. Upon information and belief, the Queens District Attorney and its ADAs have a policy, express or implied, to permit and encourage its ADA's to withhold exculpatory evidence from defendants and its counsel, to cover up the withholding of exculpatory evidence, to orchestrate cover ups, to devise false versions of events, and that this policy has been indoctrinated into the Queens District Attorney's Office so that ADAs in the course of their duty are more likely to withhold exculpatory evidence during the course of a trial.

36. Upon information and belief, the Queens District Attorney and its ADAs has furthered and implemented this policy, by maintaining a system of review of its ADA's conduct which is so untimely and cursory as to be ineffective, and which permits and tolerates the withholding of Brady Material, and violations of the Constitution and deprivations of liberty without due process of law.

37. At all times pertinent hereto, the ADAs prosecuting the plaintiff herein were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the Queens District Attorney's office.  These policies and practices which were enforced by the Queens District Attorney's office were the moving force, proximate cause, and/or the affirmative link behind the conduct causing the withholding of Brady material, thereby resulting in the plaintiff's five years of incarceration and his resultant injuries.

38. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by the District Attorney of Queens County, personally and through his authorized ADAs.

39. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of the plaintiff's constitutional rights and his personal injuries.

40. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIFTEEN MILLION [$15,000,000.00] DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-25" AND FURTHER ALLEGES AS FOLLOWS:

41. New York City owed a duty to Plaintiff to train and supervise and otherwise control its Police Officers in the proper methods of providing exculpatory evidence, incidental to this matter, and in the course of their Police functions.

42. New York City failed to provide adequate computer systems, filing systems, coordination of forensic evidence, proper training, hiring, supervision and control for the Police Officers involved herein, and said failure constitutes negligence.

43. As a proximate result of the City of New York's negligence to provide adequate training, hiring, supervision and control of the Police Officers involved herein, Plaintiff has sustained personal injuries.

44. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

II. Judgment on the Second Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

III. Judgment on the Third Cause of Action against the City of New York in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS;

IV. Judgment on the Fourth Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

V. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:   December 7, 2016
         Flushing, New York

_____
ANDREW F. PLASSE, Esq.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
163-07 Depot Road, Suite 205
Flushing, NY 11358
[212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE**

**DEMAND FOR JURY TRIAL IS HEREBY MADE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

_____
ANDREW F. PLASSE, Esq.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
163-07 Depot Road, Suite 205
Flushing, NY 11358
[212] 695-5811