I.      REPORTED MISCONDUCT CASES INVOLVING QUEENS COUNTY
PROSECUTORS

a.   PUBLISHED COURT DECISIONS (1985-2004) REVERSING CONVICTIONS
BECAUSE QUEENS COUNTY PROSECUTORS WRONGFULLY WITHHELD
EVIDENCE FROM THE DEFENSE

People v. Manzione, 109 A.D.2d 755 (2nd Dept. 1985) (reversing robbery conviction where the
prosecutor failed to disclose the initial description of the perpetrators given by the complainant.

People v. Robinson, 133 A.D.2d 859 (2nd Dept. 1987) (reversing convictions for murder and
robbery where the prosecutor withheld a witness statement directly implicating persons other
than the two defendants as the perpetrators and the materially inconsistent statement of a key
prosecution witness)

People v. Nelu, 157 A.D.2d 864 (2nd Dept. 1990) (reversing burglary conviction where the
prosecutor failed to disclose several prior statements of the People's witnesses)

People v. Munoz, 161 A.D.2d 807 (2nd Dept. 1990) (reversing criminal trespass conviction where
the prosecutor failed to disclose prior statements of the People's principal witness)

People v. Rivera, 170 A.D.2d 544 (2nd Dept. 1991) (reversing a rape conviction because the
prosecutor failed to disclose police reports that were 'in direct conflict' with the complainant's
rape allegation)

People v. Gaskins, 171 A.D.2d 272 (2nd Dept. 1991) (reversing sodomy conviction where the
prosecutor failed to disclose the videotape of an interview of the alleged child victim)

People v. Delace, 174 A.D.2d 688 (2nd Dept. 1991) (reversing robbery conviction where the
prosecutor failed to disclose witness statements)

People v. Baba-Ali, 179 A.D.2d 725 (2nd Dept. 1992) (reversing a rape conviction involving a
four-year-old child, where, despite a court order, the prosecutor failed until the eve of trial to
disclose medical records finding no signs of sexual abuse)

People v. Campbell, 180 A.D.2d 824 (2nd Dept. 1992) (reversing a robbery conviction because
the prosecutor withheld hospital records which contained statements of the complainant
contradicting her trial testimony)

People v. Clausell, 182 A.D.2d 132 (2nd Dept. 1992) (reversing a narcotics conviction where the
prosecutor repeatedly denied the existence of a "buy report,' which turned out to include a

description of the buyer wholly at odds with the description the arresting officer had said he received and matched to the defendant)

People v. Banch, 80 N. Y2d 610 (1992) (reversing manslaughter conviction where the prosecutor "mistakenly" gave the defense the wrong police memo book, withheld prior affidavits of a People's witness, and falsely represented that a report by another People's witness contained no information required to be disclosed)

People v. Davis, 196 A. D2d 597 (2nd Dept. 1993) (reversing a rape and robbery conviction where the prosecutor had refused to disclose the basis for the People's expert's conclusion that the defendant's DNA matched that found on the victim)

People v. Steadman/Blair, 82 N.Y.2d 1 (1993)(reversing a defendant's manslaughter conviction where the District Attorney's Office made a 'determined effort' to avoid its obligations to disclose exculpatory evidence and to correct false testimony, by employing a 'scheme' under which a supervisor in the Office would make a cooperation agreement with a witness's attorney, but not reveal the agreement to the prosecutors handling the defendant's case at trial, and not correct the witness's false testimony ending such an agreement) People v. Blair, 186 A.D.2d 665 (2nd Dept. 1992) (noting that the scheme operated on the 'executive level of the District Attorney's office)

People v. Gaines, 199 A.D.2d 335 (2nd Dept. 1993) (reversing manslaughter conviction where the District Attorney's Office employed the same scheme condemned in Steadman, i.e., withholding a cooperation agreement made between the trial assistant's superior and the principal prosecution witness's attorney)

People v. Fearnot, 200 A.D.2d 583 (2nd Dept. 1994) (reversing robbery conviction, where the prosecutor withheld prior statements of the complainant describing the robbery, suggested without evidentiary support, that the defendant was a prostitute, and tried to inflame the jury by citing the AIDS epidemic.

People v. Kirschner, 200 A.D.2d 766 (2nd Dept. 1994) (reversing assault conviction where the prosecution failed to disclose witness statements)

People v. Baxley, 84 N.Y.2d 208 (1994) (remitting a CPL 440 motion challenging a murder conviction for a hearing to determine the truth and materiality of a witness's affidavit that prior to trial he informed the prosecutor that he and a People's witness had been induced by police to fabricate a jail-house confession, which the Court of Appeals deemed 'crucial' to the People's case)

People v. Moustakis, 226 A.D.2d 401 (2nd Dept. 1996) (reversing conviction where the prosecutor presented a cooperating witness who "forgot" the details of his past crimes, but withhold 16 pages of interview notes detailing those crimes for the District Attorney's Office

People v. May, 228 A.D.2d 523 (2nd Dept. 1996) (reversing a murder conviction where the prosecutor failed to disclose a cooperation agreement with its star witness, and failed to correct his false testimony that no such agreement existed)

People v. Croons, 231 A.D.2d 585 (2nd Dept. 1996) (reversing robbery conviction where the prosecution wrongfully withheld prior statements of a key witness, the complainant)

People v. Huynh, 232 A.D.2D 665 (2nd Dept. 1996) (reversing robbery conviction where the defense was misidentification, and the prosecutor failed to preserve a 911 tape containing the complainant's initial description of the robber)

People v. Ying, 236 A.D.2d 630 (2nd Dept. 1977) (reversing robbery conviction on other grounds, while condemning the prosecutors of the terms of a cooperation agreement with a People's witness)

People v. Gallman, 240 A.D.512 (2nd Dept. 512) (granting CPL 440 motion where the prosecutor wrongfully withhold a police interview of the People's main witness)

People v. Burch, 247 A.D.2D 546 (2nd Dept. 1998) (reversing robbery conviction where the defense was misidentification, and the prosecutor failed to preserve a 911 tape containing the initial description of the robber

People v. Mackey, 249 A.D.2d 329 (2nd Dept. 1998) (reversing robbery conviction where the prosecutor 'deliberately' set a trap for the defense at trial by withholding critical information required to be disclosed earlier)

Jenkins v. Artuz, 294 F.3d 284 (April 1, 2002) (after a prosecutor caused mistrial by withholding a crucial witness' cooperation agreement until the day of his testimony, the defendant's murder conviction at a second trial was overturned on federal habeas corpus review because the prosecutor allowed the witness to falsely deny the existence of the agreement, objected to the defense's efforts to bring it out, reinforced the witness' false denial on redirect, and bolstered the false testimony in summation)

Su v. Filion, 335 F.3d 119 (2003) (granting habeas corpus relief in a murder case where the prosecutor failed to disclose a crucial witness's cooperation agreement, knowingly presented the witness's perjured testimony denying the existence of such an agreement and lying about his criminal conduct, and improperly bolstered the witness's false testimony on summation

Turner v. Schriver, 327 F. Supp.2d 174 (2004) (granting federal habeas corpus relief in a robbery case where the prosecutor failed to disclose the criminal record of the People's only witness to the crime and falsely represented to the jury that the witness had no record

    b.  PUBLISHED COURT DECISIONS (1985-2004) REVERSING CONVICTIONS BECAUSE QUEENS COUNTY PROSECUTORS KNOWINGLY PRESENTED FALSE OR MISLEADING EVIDENCE OR ARGUMENT

People v. LaRosa, 112 A.D.2d 954 (2nd Dept. 1985) (reversing robbery conviction where the prosecutor misrepresented material facts, misquoted testimony and committed other improprieties in summation

People v. Hines, 112 A.D.2d 316 (2nd Dept. 1985) (reversing robbery conviction where the prosecutor improperly suggested that there was "other evidence against the defendant of which [the jury] had not been told")

People v. Williams, 112 A.D.2d 177 (2nd Dept. 1985) (reversing robbery conviction where, among other things, the prosecutor misled the jury by implying that the defendant's mistaken-identity defense required the jury to find the complainant had lied, and improperly vouched for his case by citing his own and his Office's integrity)

People v. Torres, 111 A.D.2d 885 (2nd Dept. 1985) (reversing burglary conviction where the prosecutor 'improperly suggested that the jury would be subject to scorn and ridicule if they acquitted defendant and committed other improprieties.

People v. Hooks, 110 A.D.2d 909 (2nd Dept. 1985) (reversing rape and burglary conviction where the prosecutor violated the fundamental rule that a defendant should be tried only for the crime charged by suggesting defendant's prior crimes were proof that he had committed the instant crimes)

People v. Jones, 108 A.D.2d 824 (2nd Dept. 1985) (reversing robbery conviction where, among other things, the prosecutor improperly elicited that the defendant had previously hit a woman with a bat and then suggested that the jury could never believe a man who had done this)

People v. Pascullo, 120 A.D.2d 687 (2nd Cir 1986) (reversing assaulted conviction where the prosecutor suggested improper inferences of racial motivation and informed the jury that an acquittal would be a condonation of racism)

People v. Beaman, 122 A.D.2d 848 (2nd Dept. 1986) (reversing murder conviction where the prosecutor called a witness the prosecutor knew would refuse to testify, for the purpose of having the jury draw unwarranted inferences from the questions posed and speculate that the witness had been threatened)

People v. Ciervo, 123 A.D.2d 393 (2nd Dept. 1986) (reversing manslaughter conviction where the prosecutor made numerous improper references 'implying that a conviction was warranted based solely upon the defendant's character)

People v. Robinson, 123 A.D.2d 796 (2nd Dept. 1986) (reversing criminal possession of stolen property conviction where the prosecutor explained a police failure to take fingerprints by saying it would serve no purpose 'when we know who did it')

People v. Anderson, 123 A.D.2d 770 (2nd Dept. 1986) (reversing murder conviction where the prosecutor recalled a witness who the prosecutor knew would refuse to testify, for the purpose of having the jury draw unwarranted inferences against the defendant

People v. Brown, 125 A.D.2d 321 (2d Dept. 1986) (reversing rape conviction where the prosecutor falsely implied that the defendant's stipulation that the victim had been raped was a stipulation that all of her testimony was truthful, and told the jurors that if they did not believe the victim there was something 'terribly wrong with [them]')

People v. Montalvo, 125 A.D.2d 338 (2nd Dept. 1986) (reversing robbery conviction where the prosecution drew the jury's attention to the defendant's failure to testify or call witnesses, a constitutionally impermissible consideration)

People v. Faison, 126 A.D.2d 739 (2nd Dept. 1987) (reversing robbery conviction where the prosecutor improperly commented on the defendant's assertion of his constitutional right to remain silent and misleadingly suggested that the defendant had the burden of proving his alibi defense

People v. Perez, 127 A.D.2d 707 (2nd Dept. 1987) (reversing burglary conviction where the prosecutor made a 'deliberate attempt to mislead the jury to infer that the defendant had two, rather than one, prior [youthful offender] adjudication.)

People v. Copeland, 127 A.D.2d 846 (2nd Dept. 1987) (holding that mistrial was appropriately granted where the prosecutor intentionally and repeatedly disobeyed court orders not to impeach the defendant with his post arrest silence, a constitutionally impermissible consideration.

People v. Simms, 130 A.D.2d 525 (2nd Dept. 1987) (reversing assault conviction for 'pervasive' prosecutorial misconduct, including repeated allusions to 'facts' not in evidence)

People v. Scoon, 130 A.D.2d 597 (2nd Dept. 1987) (reversing assault conviction where the prosecutor asked the jury to infer that matters not in evidence corroborated the complainant's testimony and to infer that defendants were selling drugs, of which there was no evidence.

People v. Torriente, 131 A.D.2d 793 ((2nd Dept. 1987) (reversing criminal possession of a weapon conviction where the prosecutor asked 'misleading and prejudicial' questions about a defense witness's drug use and improperly implied that the defendant was an illegal alien or had been deported from Cuba)

People v. Romain, 137 A.D.2d 848 (2nd Dept. 1988) (reversing drug conviction where the prosecutors 'mischaracterization of the defendant's testimony, which was intended to convince a jury that the defendant had admitted his guilt, when he had not, constituted a gross distortion, the magnitude of which was highly prejudicial')

People v. Dunlap, 138 A.D.2d 393 (2nd Dept. 1988) (reversing conviction where the prosecutor 'diverted the jury's attention' from the inconsistencies in the People's evidence by telling a lengthy story comparing the defendants to sharks smelling blood and attacking the prey)

People v. Chin, 138 A.D.2d 389 (2nd Dept. 1988) (reversing rape conviction where the prosecutor sought to diver the jury from the issue of whether the defendant had raped the victim by conveying through 'insinuation, suggestion and speculation' that the defendant and his character witness were in the habit of molesting little girls)

People v. Stewart, 153 A.D.2d 706 ((2nd Dept. 1989) (reversing robbery conviction where 'the trial was marked by the prosecutor's efforts, even over sustained objections, to characterize the defendant as an individual predisposed to commit the crime charged)

People v. Langford, 153 A.D.2d 908 (2nd Dept. 1989) (reversing robbery conviction where the prosecutor repeatedly argued that to acquit the defendant the jury would have to find that the complainant lied, which tended to 'divert the jury's attention away from the central issue of identification and to shift the burden of proof thereon to the defendant)

People v Durham, 154 A.D.2d 615 (2nd Dept. 1989) (reversing conviction for operation of a motor vehicle while intoxicated, where the prosecution vouched for the People's witnesses and repeatedly, unjustifiably called the defendant a 'loud drunk' and claimed his testimony was fabricated.

People v. Gomez, 156 A. D2d 462 (2nd Dept. 1989) (reversing murder conviction because of the 'frequency' and 'outrageousness' of the prosecutor's misconduct, including attempts to mislead the jury regarding the defendant's pretrial contact with a defense witness, inflame the jury, and shift the burden of proof)

People v. Pinkas, 156 A.D.2d 485 (2nd Dept.) (reversing attempted rape conviction where, despite repeated admonitions by the trial court, the prosecutor persisted in 'seeking to convince the jury to convict based upon a claimed propensity of the defendant'

People v. Gunther, 175 A.D.2d 262 (2nd Dept. 1989) (reversing drug sale conviction where the prosecutor engaged in a 'deliberated and calculated strategy to convict on the basis of improper and prejudicial hyperbole' and inferences that the defendant had a criminal propensity.

People v. Stevens, 174 A.D.2d 640 (2nd Dept. 1991) (reversing rape conviction where the prosecutor tried to mislead the jury by insinuating that the defendant had committed sodomy on the victim, which was not in issue at the trial

People v. Parker, 178 A.D.2d 665 (2nd Dept. 1991) (reversing the drug conviction where the prosecutor attempted to 'mislead the jury into finding the defendant Parker guilty by association" and invited the jury to draw inferences from the demeanor of the defendant's 14 year old daughter as she sat in the audience)

People v. Figueroa, 181 A.D.2d 690 (2nd Dept. 1992) (reversing drug conviction where the prosecutor elicited testimony from the defendant's alibi witness that 'could have no other purpose than to show a propensity to commit the crime charged' and made it appear that the witness was attempting to withhold the information from the jury)

People v. Andre, 185 A.D.2d 276 (2nd Dept. 1992) (reversing murder conviction where, among other things, the prosecutor improperly appealed to the sympathy of the jury)

People v. Nieves, 186 A.D.2d 276 (2nd Dept. 1992) (reversing assault conviction where the prosecutor, without supporting evidence, portrayed the defendant as suffering from a psychiatric illness that might cause her to act violently)

People v. Odle, 187 A.D.2d 536 (2nd Dept. 1992) (reversing drug conviction where the prosecutor attempted to have the defendant found guilty by associate' and based on 'criminal propensity and bad character')

People v. Robinson, 191 A.D.2d 595, (2nd Dept. 1993) (reversing assault conviction where the prosecutor argued that the defendant had a violent criminal disposition and elicited misleading medical testimony)

People v. Hill, 193 A.D.2D 619 (2nd Dept. 1993) (reversing robbery conviction where the prosecutor's extensive cross examination questions and summation comments about the defendant's drug selling were clearly intended to show the defendant's criminal propensity)

People v. Torres, 199 A.D.2d 442 (2nd Dept. 1993) (reversing drug conviction where the prosecutor improperly suggested that a defense witness wanted to help the defendant because the defendant was his drug supplier and tried to infame the jury by emphasizing the problem of drugs in schools)

People v. Elder, 206 A.D.2d 498 (2nd Dept. 1994) (reversing attempted murder conviction where the prosecutor engaged in flagrant misconduct, including urging the jury to make findings that were not supported by the evidence)

People v. Montesa, 211 A.D.2d 648 (2nd Dept. 1995) (reversing assault convict where the prosecutor made argument that was not supported by the evidence and made other improper remarks in summation)

People v. Moss, 215 A.D.2d 594 (2nd Dept. 1995) (reversing robbery conviction where the prosecutor made numerous references to the defendant as a violent person and compared him to the murderous film character Hannibal Lector from Silence of the Lambs)

People v. Leuthner, 216 A.D.2d 327 (2nd Dept. 1995) (reversing robbery conviction for several instances of prosecutorial misconduct, including violating the fundamental rule that the prosecutor may not force the defendant to comment on whether the complainant was lying and, with no good faith basis, asking about alleged threats by the defendant's father)

People v. Scott, 217 A.D.2d 564 (2nd Dept. 1995) (reversing robbery conviction for flagrant and pervasive prosecutorial misconduct, including urging the jury to convict the defendant on the basis of his criminal propensity)

People v. James, 218 A.D.2d 709 (2nd Dept. 1995) (in reversing robbery conviction, court criticized the prosecutor's unacceptable practices of suggesting that the complainant was either correct in his identification or lying and that the defendant's criminal record indicated a criminal propensity)

People v. Torres, 223 A.D.2d 741 (2nd Dept. 1996) (reversing robbery conviction where the prosecutor's comments on summation misled the jury by falsely suggesting the defendant had an obligation to testify and present evidence, which improperly shifted the burden of proof)

People v. Bonnen, 236 A.D.2d 479 (2nd Dept. 1997) (reversing weapon possession conviction where the sole eyewitness could not identify the defendant, but the prosecutor implied that identification was not in issue because the police had arrested the defendant after they conducted an in depth investigation and the prosecutor told the jury he would present testimony although he had none, that another victim was shot by the defendant.

People v. Walters, 251 A.D.2d 433 (2nd Dept. 1988) (reversing attempted murder conviction where the prosecutor purposefully persisted in making inflammatory remarks designed to appeal to the jury's sympathy, shifted the burden of proof, gave his own opinion on the truth and falsity of the evidence, and most egregiously advocated a position which he knew to be false, namely that the gun found on the defendant was the one used in the crime)

People v. Brown, 256 A.D.2d 414 (2nd Dept. 1998) (reversing robbery conviction where the prosecutor commented on the defendant's failure to testify, thus violating the fundamental rule that a defendant may not be penalized for exercising his constitutional right to remain silent, misstated the evidence, and made refences to matters not in evidence)

People v. Anderson, 256 A.D.2d 413 (2nd Dept. 1998) (reversing attempted murder conviction where the prosecutor misled the jury by pointing to the absence of exculpatory evidence that he knew existed

People v. Robinson, 260 A.D.2d 508 (2nd Dept. 1999) (reversing robbery conviction where the prosecutor equated acquittal with a finding that the complainant lied, attempt to appeal to fear and sympathy, and gave his own opinion that the defense witness was lying)

People v. Alfaro, 260 A.D.2d 495 (2nd Dept. 1999) (in reversing a robbery conviction for insufficient evidence, the court condemned the prosecutor's statement that the defendant had no presumption of innocence, request that the jury infer guilt from the fact that the defendant had a lawyer at the time he surrendered, and implication that guilt could be inferred from the defendant's mere presence at the crime scene.

People v. Lewis, 262 A.D.2d 584 (2nd Dept. 1999) (reversing drug conviction where, among other things, the prosecutor improperly asked a witness whether defense counsel had offered him money or drugs for his testimony

People v. Washington, 278 A.D.2d 517 (2nd Dept. 2000) (reversing rape conviction on other grounds and condemning the prosecutor's argument that the defendant's testimony was fabricated after having had the benefit of counsel to which he had a constitutional right

People v. Smith, 288 A.D.2d 496 (2nd Dept. 2001) (reversing robbery conviction where the prosecutor offered her personal view that defendant was guilty, improperly appealed to the jury's sympathy, improperly shifted the burden of proof, and improperly implied without such evidence that a witness who did not testify would have corroborated the victim's account

People v. Ni, 293 A.D.2d 552 (2nd Dept. 2002) (reversing assault conviction where the prosecutor's flagrant improper comments shifted the burden of proof, inflamed the jury and denigrated the defense

People v. Lauderdale, 295 A.D.2d 539 (2nd Dept. 2002) (reversing manslaughter conviction where the prosecutor made 31 references to the defendant's highly prejudicial nickname, "Homicide"

People v. Jones, 305 A.D.2d 698 (2nd Dept. 2003) (reversing robbery conviction where the prosecutor deliberately attempted to create the unfair impression that the codefendant had implicated the defendant to police

## II.  CASES INVOLVING NYPD FAILURE TO TURN OVER, DESTROYED OR LOST  BRADY OR ROSARIO MATERIAL

People v. Moss, 176 A.D.2d 826 (2d Dept. 1991); conviction reversed for police officer's loss and destruction of contemporaneous description of defendant

People v. Nikollaj, 155 Misc.2d 642 (Sup. Ct. Bronx County 1992); New Trial ordered for Rosario violations where police failed to turn over numerous inconsistent statements of complainant officers.

People v. Clausell, 182 A.D.2d 132 (2d Dept. 1992); Police failed to disclose buy report with description of suspect that was inconsistent with officer's testimony. New Trial ordered for Brady violation.

People v. Johnson, 81 N.Y.2d 828 (1993); conviction reversed where court found improper the show-up identification by Robbery victim conducted hours after the crime

People v. Rojas, 213 A.D.2d 56 (1ST Dept. 1994); Conviction reversed where identification procedure was improper and prejudicial.

People v. Clausell, 182 A.D.2d 132 (2d Dept. 1992); Police failed to disclose buy report with description of suspect that was inconsistent with officer's testimony. New Trial Ordered for Brady violation

People v. Morrow, 204 A.D.2d 356 (2D Dept. 1994); conviction reversed where a significant portion of police report was not disclosed.

People v. White, 200 A.D.2d 351 (1st Dept); Conviction reversed where DD5 containing Brady and Rosario material was not disclosed  and only was discovered through defendant's post-conviction FOIL request to the NYPD

People v. Brogdon, 213 A.D.2d 418 (2d Dept. 1995); conviction reversed where notes made by NYPD were withheld from defendant

People v. Gallman, 240 A.D.2d 512 (2d Dept. 1997); conviction reversed for failure to disclose notes of police interview with key witness.

People v. Jackson, 237 A.D.2d 179 (1st Dept. 1997); conviction reversed for Brady violation consisting of the withholding by the police of internal affairs reports that contained entries significantly at variance with prosecution's evidence at trial and were favorable to defendant.

People v Brian Solano, Failure of NYPD to turn over videotape of  exculpatory confession for December 2014 shooting death until April 2017